FILED

2008 Sep-04  AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN CRUTCHFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **UNIVERSAL FIDELITY, LP,** | ) | |
| **a Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiffs.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     Plaintiff Steven Crutchfield (hereinafter "Plaintiff") is a natural person who resides in this judicial district, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Universal Fidelity, LP (hereinafter "Defendant Universal") is a collection agency incorporated in Texas and having its principle place of business at the address of 1445 Langham Creek Drive, Houston, TX, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     The individual collectors' names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7.     Plaintiff's father incurred a financial obligation of American Express that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.     Plaintiff was an authorized user on the American Express account.

9.     Plaintiff has no obligation for this debt.

10.    The American Express card went into default.

11.    At some point, the debt was consigned, placed or otherwise transferred to Defendant Universal for collection from the Plaintiff.

12.    Collection efforts began this year against Plaintiff.

13.    Defendant[1] called Plaintiff's ex-wife and his son.  In July 2008, on multiple occasions by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.    During these calls to third parties Defendant Universal disclosed the nature of the account it claims Plaintiff owes, the amount, and other information designed to shame and embarrass Plaintiff to pay.

15.    This was not an attempt to obtain "location information" as Defendant had this (as Defendant made numerous calls to Plaintiff directly) and in any event went far beyond the law in disclosing information about Plaintiff to Plaintiff's ex-wife and son.

16.    Plaintiff's ex-wife told Defendant to stop calling but Defendant refused.

17.    The Defendant refused to stop violating the law and continued to call third parties and disclose financial details of the account.

---

[1] The collectors or one of the collectors, goes by the first name of "Victor".  His true identity is unknown but he will be added as a party Defendant when his identity is discovered.

18.   Defendant made numerous harassing and threatening calls which included false statements to Plaintiff.

19.   This was very distressing and upsetting to the Plaintiff to face this type of harassing conduct.

## Summary

20.   All of the above-described collection communications made by Defendant, and collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(10), and 1692f, amongst others.

21.   The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

22.   This series of abusive collection calls by Defendant and its employees caused Plaintiff enormous stress and anguish as a result of these abusive calls.

23.   This series of abusive collection calls by Defendant and its employees caused Plaintiff physical problems related to pre-existing physical conditions because

of the emotionally abusive manner in which this debt was collected by the Defendant.

24. Defendant's repeated disclosures of Plaintiff's indebtedness to third parties was an invasion of Plaintiff's privacy and right to financial privacy.

25. Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law and to stop calling third parties and to stop calling Plaintiff was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

26. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**Respondeat Superior Liability**

28. The acts and omissions of Defendant's debt collectors employed as agents by Defendant who communicated with Plaintiff and third parties as more further

described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

29.  The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

30.  By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant Universal.

31.  Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

### Negligent Hiring and Supervision

32.  Defendant negligently and/or wantonly hired, retained, or supervised the incompetent debt collectors who worked this account and broke the law and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by the Plaintiff.

### TRIAL BY JURY

33.  Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

36.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
### REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

37.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

38.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

39.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

40.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

41.    Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

42.   Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

43.   Defendant and its agents intentionally and/or negligently caused emotional harm to each of these Plaintiff's by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

44.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

45.   The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

46.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

47.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

48.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49.  Defendant Universal negligently and/or wantonly hired, retained, or supervised incompetent debt collectors, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Universal Fidelity, LP
c/o Terry w. Simonds
1445 Langham Creek Drive
Houston, Texas 77084